WALKER v. STATE.

5069                                          371 S. W. 2d 135

Opinion delivered October 14, 1963.

W. *Harold Flowers,* for appellant.

*Bruce Bennett,* Atty. General, by *Jack L. Lessenberry,* Asst. Atty. Gen., for appellee.

ED. F. McFADDIN, Associate Justice. Appellant, George Edward Walker, was charged with, and convicted of, involuntary manslaughter; and brings this appeal. The motion for new trial contains a total of nineteen assignments, which we group and discuss in suitable topic headings.

I. *Sufficiency Of The Evidence.* On the night in question Walker and another man, named M. J. Hunter, Jr., were in a truck proceeding west on 13th Street in Pine Bluff. The truck approached U. S. Highway No. 79, failed to stop at the stop sign, smashed into an automobile being driven on Highway No. 79, overturned the automobile, and injured Miss Suzy Glover, a passenger in the automobile. Miss Glover died in a short time as a result of said injuries. There was substantial evidence from which the jury could have found—and did find by its verdict of guilty—that the defendant Walker was the driver of the truck that caused the death of Miss Glover, and that Walker was intoxicated at said time. Certainly

the evidence is sufficient to support the verdict. *Fitzhugh* v. *State,* 207 Ark. 117, 179 S. W. 2d 173; *Lewis and Wren* v. *State,* 220 Ark. 914, 251 S. W. 2d 490; and *Stacy and Rusher* v. *State,* 228 Ark. 260, 306 S. W. 2d 852.

II. *Severance Granted Hunter And Refusal To Quash The Information As To Walker.* M. J. Hunter, Jr. was in the truck with the defendant, Walker, at the time of the collision, and the State named both Walker and M. J. Hunter, Jr. in the information. Hunter sought, and obtained, a severance; and Walker complains of the ruling of the Court granting the said severance and the refusal to quash the information against Walker because of the severance. There was no error in the Court's ruling. Since both Hunter and Walker were in the truck at the time of the collision, both could be charged with the homicide, under the cases previously cited. When Hunter sought a severance it was within the discretion of the Trial Court to grant or refuse it. Ark. Stat. Ann. §43-1802 (1947). There was no abuse by the Court of its discretion. *Bennett and Holiman* v. *State,* 201 Ark. 237, 144 S. W. 2d 476; *Finley* v. *State,* 233 Ark. 232, 343 S. W. 2d 787. There was no reason to quash the information against Walker merely because of the severance.

III. *Refusal To Excuse A Juror.* On *voir dire* Paul Lucus, a member of the regular panel, stated that he was an officer in a service club in Pine Bluff; that Mr. Glover, father of the deceased, Miss Suzy Glover, had been a member of the club; that the club held its luncheons at the Hotel Pines; that Mr. Glover refused to attend the luncheons at the hotel, since the defendant Walker worked at the hotel; that a committee was appointed to see what could be done about Mr. Glover's complaint; that Mr. Glover subsequently resigned from the club. Mr. Lucus stated that he knew nothing about the facts of the homicide. The following occurred when Mr. Lucus was being interrogated on *voir dire:*

"THE COURT: Have you formed or expressed any opinion as to the defendant's guilt or innocence?

"MR. LUCUS: No, sir.

"THE COURT: Any bias or prejudice for or against him?          . .

"MR. LUCUS: No, sir."

The Court then asked Mr. Lucus if he could try the case solely on the law and the evidence; and Mr. Lucus answered in the affirmative. The Court held Mr. Lucus to be a qualified juror, and he served on the jury. There was no error in the ruling of the Court holding Mr. Lucus to be a qualified juror. The fact that he had the activities stated did not *ipso facto* disqualify him. The fact that a juror has done business with one of the litigating parties does not *ipso facto* disqualify him as a prospective juror. *Rumping* v. *Ark. Nat'l Bank,* 121 Ark. 202, 180 S. W. 749; *Decker* v. *Laws,* 74 Ark. 286, 85 S. W. 425. The vital question for the Trial Court to determine was whether the venireman would and could try the case solely on the law and the evidence and render a fair and impartial verdict. The Trial Court so held as regards Mr. Lucus; and we see no error committed. ·

There is another, and in itself, a sufficient reason for holding against the appellant regarding the juror Lucus; and such reason is because there is no evidence of any kind in the record to show that the defendant exhausted his peremptory challenges and was thereby forced to accept Mr. Lucus as a juror. Our cases hold that a defendant cannot complain of the overruling of a challenge for cause unless the defendant exhausted his peremptory challenges and was forced to accept the questioned juror. *Mabry* v. *State,* 50 Ark. 492, 8 S. W. 823; *Holt* v. *State,* 91 Ark. 576, 121 S. W. 1072; *Shoop* v. *State,* 209 Ark. 498, 190 S. W. 2d 988. The defendant's motion for new trial contained the following allegation:

"Because the Court erred in denying defendant's motion on *voir dire* examination for the Court to excuse the prospective juror, Paul Lucus, for cause when the defendant had already exhausted his peremptory chal· lenges."

The quoted allegation in the motion for new trial—about exhausting peremptory challenges—is not sustained by

the record. There is no evidence of any kind in the record to show that the defendant exhausted his peremptory challenges; and a mere allegation in the motion for new trial does not constitute evidence. *Shinn* v. *Tucker,* 37 Ark. 580.

IV. *Statements Defendant Made To Arresting Officer.* After the collision between the truck and the car, the defendant walked across the street and sat down near a filling station. When the investigating officer arrived at the scene, he noticed the defendant had a contusion on his forehead and asked him how he got the wound. The defendant told the officer that he (the defendant) was driving the truck that was involved in the collision. Thereupon, the officer took the defendant to the hospital for dressing of the defendant's wound; and the defendant, in the presence of others, repeated the statement that he was driving the truck at the time of the collision. It is claimed that the officer failed to advise the defendant that anything he said could be used against him; so it is urged that the statement of the defendant to the officer was a confession and was under duress. But when the defendant took the witness stand in the trial of the case, he admitted that he told the Prosecuting Attorney on several prior occasions that he (the defendant) was driving the truck at the time, and so admitted on the witness stand. Thus, any statement that the defendant made to the officer under the circumstances above mentioned was rendered entirely harmless by the other testimony in the case. The defendant explained that the reason he admitted driving the car was because M. J. Hunter, Jr. did not have a driver's license, and the defendant and Hunter had agreed when they started on their trip, that in case any trouble should develop, the defendant would admit being the driver. This explanation by the defendant rendered harmless any ruling of the Court regarding the testimony of the officer, even if the said testimony might have otherwise been objectionable—a matter we need not decide. The evidence showed that Hunter and the defendant had, just before the collision, consumed a considerable quantity of gin,

beer, and whiskey; so that they hardly knew which one was driving the car; but disinterested witnesses testified that immediately after the collision the defendant was in the driver's seat. Under the circumstances heretofore cited, the defendant could have been convicted of involuntary manslaughter, even if he had not been driving the vehicle.

*CONCLUSION.* We have examined the other assignments and find no error. Affirmed.

Justices ROBINSON and JOHNSON concur, being of the opinion that the Trial Court should have excused the venireman Lucas, but that the failure of the record to show the exhausting of challenges made such ruling harmless.