PEOPLE v TURNER

Docket No. 59265. Submitted November 17, 1982, at Detroit.—Decided April 18, 1983.

Defendant, Clarence Turner, was found guilty following a bench trial in Detroit Recorder's Court as an aider and abettor of involuntary manslaughter. The facts indicated that defendant furnished loaded firearms to the two women with whom he lived and directed that a "trial by battle" would be held to resolve a dispute which had arisen. Upon defendant's instructions, one of the women, Ms. Tompkins, aimed her gun, which had no safety device, at the other woman, Ms. Smith. The gun discharged, killing Ms. Smith. The trial court, Robert L. Evans, J., found that, while the gun had been intentionally pointed, the shooting was an accident and neither defendant nor Ms. Tompkins had specifically intended to kill Ms. Smith. However, the court determined that defendant had aided and participated in the shooting by furnishing the guns. Defendant appeals alleging that he cannot be convicted as an aider and abettor of involuntary manslaughter since intent is not an element of involuntary manslaughter, and aiding and abetting presupposes an intent. *Held:*

1. Mere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor; nor is mere mental approval, passive acquiescence or consent sufficient.

2. The defendant must either possess the required intent himself or participate while knowing that the principal possessed the required intent in order to be convicted as an aider and abettor.

3. Although proof of specific intent is essential for aider and abettor liability for specific intent crimes, it does not follow that there can be no aider and abettor liability for a crime which requires neither specific intent nor malice.

4. One may be an aider and abettor of involuntary man-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 21 Am Jur 2d, Criminal Law § 167.
[2, 3] 21 Am Jur 2d, Criminal Law § 171.
[4] 40 Am Jur 2d, Homicide § 30.

slaughter where, as here, there exists a common and shared purpose to participate in the act which results in death. The extent of defendant's complicity in the instant case is clearly sufficient to render him liable as an accomplice to involuntary manslaughter.

Affirmed.

1. CRIMINAL LAW — AIDING AND ABETTING.

One who procures, counsels, aids, or abets in the commission of an offense may be tried and convicted as if he had directly committed the offense (MCL 767.39; MSA 28.979).

2. CRIMINAL LAW — AIDING AND ABETTING.

A defendant must either himself possess the required intent or participate while knowing that the principal possessed the required intent in order to be convicted as an aider and abettor; mere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor; mere mental approval, passive acquiescence or consent are likewise not sufficient to make a person an aider or abettor.

3. CRIMINAL LAW — AIDING AND ABETTING — SPECIFIC INTENT.

Although proof of specific intent is essential for aider and abettor liability for specific intent crimes there can be aider and abettor liability for a crime which requires neither specific intent nor malice.

4. CRMINAL LAW — AIDING AND ABETTING — INVOLUNTARY MANSLAUGHTER.

A person may be an aider and abettor of involuntary manslaughter where there exists a common and shared purpose to participate in the act which results in the death.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *John Scavone,* Assistant Prosecuting Attorney, for the people.

*Alan L. Kaufman,* for defendant on appeal.

Before: Wahls, P.J., and M. J. Kelly and N. J. Lambros,* JJ.

Per Curiam. Defendant was found guilty, following a bench trial, as an aider and abettor of involuntary manslaughter, MCL 750.329; MSA 28.561. He appeals as of right.

On September 12, 1980, defendant furnished loaded firearms to the two women with whom he lived and directed that a "trial by battle" would be held to resolve a dispute which had arisen. At defendant's instruction, Ms. Tompkins aimed her gun, which had no safety device, at the other woman. The gun discharged, killing the other woman.

The trial court found that, while the gun had been intentionally pointed, the shooting was an accident and neither defendant nor Ms. Tompkins had specifically intended to kill Ms. Smith. The court determined that defendant had aided and participated in the shooting by furnishing the guns for the trial by battle.

The statute under which defendant was convicted provides that a person who injures any other person by the discharge of any firearm "pointed or aimed, intentionally but without malice, * * * shall, if death ensue from such * * * injury, be deemed guilty of the crime of manslaughter", MCL 750.329; MSA 28.561. Defendant asserts that one cannot be convicted as an aider and abettor of involuntary manslaughter because intent is not an element of the crime, and aiding and abetting presupposes an intent. Since no malice is necessary for the substantive offense, defendant reasons there was no intent which could be shared by the aider and abettor.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 767.39; MSA 28.979 provides that one who "procures, counsels, aids, or abets" in the commission of an offense may be tried and convicted as if he had directly committed the offense.

"In criminal law the phrase 'aiding and abetting' is used to describe all forms of assistance rendered to the perpetrator of a crime. This term comprehends all words or deeds which may support, encourage or incite the commission of a crime. It includes the actual or constructive presence of an accessory, in preconcert with the principal, for the purpose of rendering assistance, if necessary. 22 CJS, Criminal Law, § 88(2), p 261. The amount of advice, aid or encouragement is not material if it had the effect of inducing the commission of the crime. *People v Washburn,* 285 Mich 119, 126; 280 NW 132 (1938)." *People v Palmer,* 392 Mich 370, 378; 220 NW2d 393 (1974).

Mere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor; nor is mere mental approval, passive acquiescence, or consent sufficient. *People v Burrel,* 253 Mich 321, 323; 235 NW 170 (1931).

To be convicted as an aider and abettor, the defendant must either himself possess the required intent or participate while knowing that the principal possessed the required intent. *People v Karst,* 118 Mich App 34, 39; 324 NW2d 526 (1982). Although proof of specific intent is essential for aider and abettor liability for specific intent crimes, *People v Wirth,* 87 Mich App 41, 46; 273 NW2d 104 (1978), it does not follow that there can be no aider and abettor liability for a crime which requires neither specific intent nor malice.

While the question has not been addressed by an appellate court in this state, a review of case law from other jurisdictions lends support for the prop-

osition that one can be an aider and abettor to the offense of involuntary manslaughter even though intent is not an element of the offense itself. See, *e.g., Fitzhugh v State,* 207 Ark 117; 179 SW2d 173 (1944); *State v Newberg,* 129 Or 564; 278 P 568 (1929); *State v McVay,* 47 RI 292; 132A 436 (1926); *State v Morris,* 224 Tenn 437; 456 SW2d 840 (1970); *Wade v State,* 174 Tenn 248; 124 SW2d 710 (1939); *Mendez v State,* 575 SW2d 36 (Tex, Crim App, 1979). *Cf. People v Pitts,* 84 Mich App 656; 270 NW2d 482 (1978) (defendant liable as an accomplice for reckless discharge of a firearm resulting in death because he contributed to the reckless handling of the gun).

The Michigan Supreme Court has indicated a willingness to impose aider and abettor liability for negligent acts. In *People v Marshall,* 362 Mich 170; 106 NW2d 842 (1961), the Court reversed the manslaughter conviction of a car owner who had loaned his keys to an intoxicated person who killed another driver while negligently operating the vehicle. The Court held that since the killing was neither counseled by defendant nor accomplished by another acting jointly with defendant he could not be convicted as a principal. The Court suggested, however, that its decision might have been different had defendant been in the car with the intoxicated driver and, without protest, permitted him to drive negligently. The accountability of the owner, stated the Court, "must rest as a matter of general principle, upon his complicity in such misconduct". *People v Marshall, supra,* p 173.

The extent of defendant's complicity in the instant case is clearly sufficient to render him liable as an accomplice to involuntary manslaughter. While he may not have intended that Ms. Thompson shoot and kill the victim, defendant did direct

Ms. Thompson to point the loaded gun at the victim and clearly intended that she do so. Defendant was not merely present; his procuring of the weapons and verbal encouragement had the effect of inducing the commission of the crime.

We conclude one may be an aider and abettor of involuntary manslaughter where, as here, there exists a common and shared purpose to participate in the act which results in death—the pointing of a loaded firearm at another individual.

Affirmed.