PEOPLE v ROCKWELL

Docket No. 123768. Submitted February 19, 1991, at Lansing. Decided
    April 2, 1991, at 9:35 A.M. Leave to appeal sought.

Hal Rockwell, Jr., was convicted of conspiracy to commit murder
    and assault with intent to commit murder following a jury trial
    the in Oakland Circuit Court, Barry L. Howard, J., and was
    sentenced to a prison term of life for the conspiracy conviction
    and from seven to twenty years for the assault conviction. The
    defendant appealed, arguing that the trial court erred in admit-
    ting into evidence his confession and those of his conspirators
    and in failing to order separate trials, that the court should
    have permitted evidence of the victim's prior assaultive behav-
    ior, that the assault charge was not supported by sufficient
    evidence either at the preliminary examination or at trial, and
    that the life sentence constitutes cruel and unusual punish-
    ment.

The Court of Appeals held:

1. The statements of the defendant were admissions of fact
rather than confessions of guilt and thus properly could be
admitted to prove the corpus delicti of the conspiracy. Further,
there was sufficient evidence independent of the statements of
the defendant's conspirators to prove the existence of the
conspiracy and to permit the admission of the statements and
the submission of the conspiracy charge to the jury.

2. The question whether the defendant and his codefendants
should have been tried separately was not preserved for appel-
late review.

3. The rule permitting the use of evidence of crimes and bad
acts for certain purposes contemplates use not only against the
defendant, but also against a witness; however, because the
defendant failed to present a sufficient offer or foundation, the
trial court did not abuse its discretion in refusing to admit the
evidence of the victim's history of assaultive behavior.

4. There was sufficient evidence at the preliminary examina-

REFERENCES

Am Jur 2d, Witnesses §§ 471 et seq.
See the Index to Annotations under Prior Acts and Matters; Vic-
    tims; Witnesses.

tion to justify binding over the defendant on the charge of aiding and abetting an assault to commit murder. That same evidence at trial was sufficient to justify submission of that charge to the jury.

5. The sentence of life imprisonment with the possibility of parole for the conspiracy conviction does not constitute cruel and unusual punishment.

Affirmed.

EVIDENCE — PRIOR ACTS — WITNESSES.

The rule of evidence permitting the use of evidence of prior acts is not limited only to evidence of the prior acts of a criminal defendant, but may include evidence of the prior acts of the victim of a crime where there is an adequate showing that such evidence is relevant to one of the permitted purposes (MRE 404[b]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Robert C. Williams,* Assistant Prosecuting Attorney, for the people.

*Charles M. Sibert,* for the defendant.

Before: SAWYER, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of conspiracy to commit murder, MCL 750.157a; MSA 28.354(1), and assault with intent to commit murder, MCL 750.83; MSA 28.278. Defendant was sentenced to seven to twenty years' imprisonment for the assault conviction and life imprisonment for the conspiracy conviction, with a request and recommendation, "if possible, that the defendant be eligible for parole concurrent with the assault with intent to murder offense." Defendant appeals as of right. We affirm.

Defendant first argues that the trial court erred

in determining that sufficient independent proof of the alleged conspiracy had been presented by the prosecutor to justify the admission of defendant's statements and those of the coconspirators in support of the conspiracy charge. We agree with defendant that the corpus delicti of a crime must be established by evidence independent of an accused's confession. *People v Barron,* 381 Mich 421, 424; 163 NW2d 219 (1968); *People v Mumford,* 171 Mich App 514, 517; 430 NW2d 770 (1988). This rule is limited, however, to admissions which are confessions, and not to admissions of fact which do not amount to confessions of guilt. *People v Porter,* 269 Mich 284, 289-291; 257 NW 705 (1934). See also *People v Oliver,* 111 Mich App 734, 740-741; 314 NW2d 740 (1981), and the cases cited therein. We conclude that neither defendant's statement to the police nor the statements attributed to him by other witnesses amounted to confessions of guilt. Rather, the statements were admissions of fact which by themselves did not constitute an admission of guilt. Defendant's statements were admissible to establish the corpus delicti of the conspiracy. We find no error requiring reversal in the trial court's decision to admit defendant's admissions of fact. Moreover, no error occurred in the admission of conversations in which defendant participated regarding a plan to electrocute the victim in a bathtub. MRE 803(3); *People v Oaks,* 94 Mich App 745, 751; 290 NW2d 70 (1980). See also *People v Hamp,* 110 Mich App 92, 98; 312 NW2d 175 (1981). The conversations themselves were admissible to establish the element of agreement and were not so remote as to render them irrelevant. See *People v DeRushia,* 109 Mich App 419, 424-427; 311 NW2d 374 (1981); *People v Randall,* 42 Mich App 187, 191; 201 NW2d 292 (1972).

We also reject defendant's argument that there

was insufficient independent evidence of the existence of a conspiracy to permit the introduction of statements made by the coconspirators. We have reviewed the record regarding this issue and conclude that the prosecutor proved the existence of the conspiracy by a preponderance of the evidence, despite the perceived misstatement by the trial court regarding the required burden of proof. *People v Vega,* 413 Mich 773, 782; 321 NW2d 675 (1982). Having established independent proof of the conspiracy, the statements of the coconspirators made during the course and in furtherance of the conspiracy were properly admitted under MRE 801(d)(2)(E). *Vega, supra,* p 780. Accordingly, the trial court did not err in submitting the conspiracy charge to the jury.

Defendant also argues on appeal that the trial court should have ordered separate trials when it decided to admit the coconspirators' statements. We note, however, that defendant never moved for a separate trial below, and thus failed to preserve this issue on appeal. *People v Ryckman,* 307 Mich 631, 643; 12 NW2d 487 (1943); *People v Santana,* 139 Mich App 484, 500; 363 NW2d 702 (1984). Regardless, we find no error in the trial court's failure to order sua sponte a separate trial where the statements forming the basis of defendant's argument were properly admitted.

Defendant next argues that the trial court abused its discretion in precluding defendant from presenting evidence of the victim's prior sexual assaults of him and others. Codefendant Greene, one of the parties who actually struck the victim, claimed he did so in self-defense as a result of the victim's attempted sexual assault. Greene contended that the victim had made sexual comments to him and then grabbed his testicles and would not let go. In response, Greene claimed he struck

the victim twice in the head with a baseball bat. Accordingly, Greene sought to introduce evidence that the victim had been sexually molesting his children and others over a period of years to support Greene's claim that his fear was justified and his response was in self-defense. Because defendant was charged with aiding and abetting Greene's assault, defendant similarly sought to introduce this evidence. Defendant argued that if the jury believed Greene's defense of self-defense, then it could not convict him of aiding and abetting a felonious assault.

We agree with defendant that evidence of prior acts under MRE 404(b) is not limited only to prior acts of a defendant, but may include those of the victim as well. At the time of defendant's trial, MRE 404(b) provided:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged in the case.

By its terms, MRE 404(b) applies to the admissibility of evidence of other acts of "a person"; it does not specifically refer to criminal defendants. We recognize that this rule generally has been applied where the prosecution attempts to offer evidence of other wrongs committed by a criminal defendant. Nevertheless, we believe that MRE 404(b) applies to the admissibility of evidence of other acts of *any* person, such as a defendant, a

plaintiff, or a witness. This conclusion is further supported by the recent amendment of MRE 404, which deleted "the crime charged" and substituted "the conduct at issue in the case" in subrule (b). Accordingly, we conclude that evidence of the type sought to be admitted would not be precluded under MRE 404(b).

In this case, however, we find that the trial court did not abuse its discretion in refusing to admit such evidence. We will find an abuse of discretion only if an unprejudiced person, considering the facts on which the trial court made its decision, would conclude that there was no justification for the ruling made. *People v Watkins,* 176 Mich App 428, 430; 440 NW2d 36 (1989). Immediately prior to the trial, the court granted the prosecutor's motion in limine which sought to preclude the prior acts evidence which he anticipated would be offered by defendant and his codefendants. We have reviewed the record upon which the court based its decision and conclude that defendant failed to present a sufficient offer of proof or foundation to justify the admission of the evidence. See MRE 103(a)(2). Although defendant averred generally to sexual molestation, there was no indication that these acts were recent enough to justify their admission for the proposed use. The general assertion that prior sexual assaults had occurred does not necessarily support defendant Greene's claim that he reasonably feared an impending assault by the victim, absent a showing, for example, that the victim had engaged in such assaults in the reasonably recent past. Consequently, we conclude that, on the basis of the facts known to the trial court at the time the ruling was rendered, the court did not abuse its discretion in excluding the evidence. Under the circumstances, we also conclude that this evidence, which was

demonstrated to be only marginally relevant to this defendant, did not deprive him of a substantial defense.

Defendant next argues that insufficient evidence was presented at the preliminary examination to justify binding over him on the charge of aiding and abetting an assault with intent to commit murder. Alternatively, defendant challenges the sufficiency of the evidence presented at trial on this charge.

Initially, we note that the evidence presented at the preliminary examination and at trial were substantially the same.

The elements of assault with intent to commit murder are: (1) an assault, (2) with the specific intent to commit murder, (3) which, if successful, would make the killing murder. *People v Cochran,* 155 Mich App 191, 193; 399 NW2d 44 (1986). A defendant would be guilty of aiding and abetting a crime upon proof that (1) the substantive criminal offense was committed by the defendant or by another, (2) the defendant performed acts or gave encouragement which aided or assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of the giving of aid or encouragement. *People v Beard,* 171 Mich App 538, 541-542; 431 NW2d 232 (1988).

This Court in *People v Vicuna,* 141 Mich App 486, 495-496; 367 NW2d 887 (1985), addressed the law applicable to aiding and abetting:

> One who procures, counsels, aids or abets in the commission of an offense may be tried and convicted as 28.979. The phrase "aiding and abetting" describes all forms of assistance rendered to the perpetrator of the crime and comprehends all

words or deeds which may support, encourage or incite the commission of a crime. *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974); *People v Cortez,* 131 Mich App 316; 346 NW2d 540 (1984); *People v Turner,* 125 Mich App 8; 336 NW2d 217 (1983). Mere presence, even with knowledge that an offense is about to be committed, is not enough to make one an aider or abettor. *People v Burrel,* 253 Mich 321; 235 NW 170 (1931); *Turner, supra.* To be convicted, the defendant must either himself possess the required intent or participate while knowing that the principal possessed the required intent. *Turner, supra; People v Karst,* 118 Mich App 34; 324 NW2d 526 (1982); *People v Triplett,* 105 Mich App 182; 306 NW2d 442 (1981), remanded on other grounds 414 Mich 898; 323 NW2d 7 (1982).

We have reviewed the record and conclude that a rational trier of fact could find that the essential elements of aiding and abetting the assault in this case were proven beyond a reasonable doubt. Defendant's actions before the assault, many of which supported the conspiracy charge, established that defendant aided and abetted Greene while himself possessing the requisite intent to commit murder. Contrary to defendant's assertion, the evidence established more than his "mere presence" at the time of the assault. Viewed in a light most favorable to the prosecution, the evidence was sufficient to bind over defendant and to justify submission of the charge to the jury.

Finally, we reject defendant's claim that his life sentence with the possibility of parole for his conviction of conspiracy to commit murder constitutes cruel and unusual punishment. *People v Jahner,* 433 Mich 490; 446 NW2d 151 (1989); *People v Fernandez,* 427 Mich 321; 398 NW2d 311 (1986).

Affirmed.