# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JARELL ANTONIO HOUGH,

Defendant-Appellant.

UNPUBLISHED
August 18, 2016

No. 326930
Wayne Circuit Court
LC No. 14-010443-FC

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of carjacking, MCL 750.529a, armed robbery, MCL 750.529, possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b, and resisting and obstructing a police officer, MCL 750.81d(1). He was sentenced to 15 to 25 years' imprisonment for the carjacking conviction, 15 to 25 years' imprisonment for the armed robbery conviction, five years' imprisonment for the felony-firearm conviction, and one to two years' imprisonment for the resisting and obstructing conviction. Defendant appeals as of right. We affirm defendant's convictions, but remand for the ministerial task of correcting his judgment of sentence.

This matter arises out of the carjacking and robbery of a male victim. The victim had driven to his aunt's home, and when he parked his 2014 Dodge Charger on the street facing northbound, a Nissan Altima stopped next to his vehicle. The rear-passenger of the Altima pointed a gun at the victim and demanded that he get out of the Charger. When the victim complied, two men got out of the passenger side of the Altima, took the victim's cell phone and jacket, and then drove away in the Charger.

The victim's cell phone had a GPS tracking application, which enabled the police to locate the Charger within 20 or 30 minutes of the carjacking. After a number of officers chased the Charger over several miles, one of the suspects got out of the passenger side of the Charger and fled on foot. That suspect was apprehended shortly thereafter, with the victim's cell phone in his possession. At trial, a police officer identified defendant as the suspect that ran from the Charger during the police chase. The Dodge Charger was found later in the evening, abandoned approximately seven blocks from the location where defendant was arrested.

-1-

After his arrest, defendant admitted that he had been driving around with two friends when, out of nowhere, they robbed the victim. He claimed that he remained in the Altima during the incident and did not otherwise actively participate in the robbery or carjacking. According to defendant, his friends were driving him home in the Charger when the police chase began. Defendant indicated that he ran from the vehicle in the middle of the chase because he was on parole at the time and knew that there was a gun in the vehicle.

Defendant first argues on appeal that he was denied the effective assistance of counsel because his trial attorney failed to fully investigate his "mere presence" defense or otherwise properly develop said defense theory at trial. Specifically, defendant contends that his girlfriend was available and willing to testify to his state of mind on the evening of the offense based on phone calls and text messages between the two of them, and defense counsel's decision not to interview or call defendant's girlfriend as a witness was objectively unreasonable.

Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court, addressing the basic principles governing a claim of ineffective assistance of counsel, observed:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens,* 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999).

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

Defendant's argument hinges on the purported claims of his girlfriend. However, defendant did not move for a new trial or a *Ginther*[1] hearing, and this Court denied his motion to

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

remand; therefore, our review is limited to errors apparent on the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). The only support for defendant's argument relative to his girlfriend's claims is an affidavit attached to his appellate brief, which is not part of the existing record, MCR 7.210(A)(1), and "parties cannot enlarge the record on appeal by the use of affidavits," *People v Williams*, 241 Mich App 519, 524 n 1; 616 NW2d 710 (2000). Moreover, the affidavit is not even by defendant's girlfriend; rather, it is an affidavit executed by appellate counsel, in which she sets forth hearsay averments based on a phone conversation and the girlfriend's claims made during that call. The substance of the relevant statements in the affidavit about phone calls and text messages exchanged between defendant and his girlfriend shortly before the robbery are not made on the "personal knowledge" of the affiant – appellate counsel. MCR 2.119(B)(1) (listing requirements for an affidavit). Additionally, while the averments, based on the girlfriend's claims, suggest that defendant may not have been aware that a robbery was about to occur, they simply do not speak to defendant's mindset and acts *at the time of the actual robbery*. Given the affidavit's multiple shortcomings, it is of no assistance in this appeal, nor does it warrant a remand for a *Ginther* hearing as requested by defendant in the alternative.

Nevertheless, we shall examine whether defense counsel otherwise failed to develop a "mere presence" defense. Generally, "[d]ecisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Although defense counsel's decision not to call a witness can result in ineffective assistance if it deprives the defendant of a substantial defense, *id*., the record does not support defendant's assertion that his "mere presence" defense was not adequately developed at trial. "Mere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor; nor is mere mental approval, passive acquiescence or consent sufficient." *People v Turner*, 125 Mich App 8, 11; 336 NW2d 217 (1983); see also *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999).

In this case, defense counsel elicited testimony from the victim indicating that the rear-passenger was "directing things" and was the one who drove away in the Charger. The court could have inferred that defendant was not the driver of the Charger, and therefore not "directing things," because he was observed running from the passenger side of the Charger in the middle of the police chase. Further, while the heart of defendant's "mere presence" defense relied on police testimony concerning defendant's postarrest statement, defense counsel also questioned the prosecution's witnesses regarding facts that would tend to support defendant's statement. For example, the victim testified on cross-examination that there may have been another occupant in the Altima who never left the vehicle; an officer recalled that the victim initially reported that only one person exited the Altima and made demands and another officer testified that defendant was not armed when he was apprehended. Thus, defendant's "mere presence" defense was, in fact, developed at trial beyond defendant's postarrest statement.

Because defendant was not deprived of a substantial defense by defense counsel's decision not to call additional witnesses at trial, defendant has failed to overcome the strong presumption that the decision was born from sound trial strategy. Furthermore, the record does not support defendant's contention that he was prejudiced by defense counsel's performance at trial. In its findings of fact, the trial court rejected defendant's "mere presence" theory, noting

-3-

that it was contradicted by the victim's testimony and the fact that defendant "bailed out of the car miles away from the scene of the robbery . . . [a]nd then led the police officers on a multi block, multi street, multi alley, multiple fence chase" before being arrested in possession of the victim's cell phone. Given the trial court's harsh characterization of defendant's postarrest statement as "self-serving" and "preposterous," it is unlikely that an additional witness supporting his "mere presence" defense would have persuaded the court to disregard the other evidence showing defendant's involvement in the crimes.

Defendant also takes exception to the sentence imposed for his felony-firearm conviction. Defendant contends that the trial court erred by ordering that his felony-firearm sentence be served consecutive to his sentences for all three other convictions in this matter, as only the carjacking and armed robbery charges were predicate offenses to the felony-firearm charge. The prosecutor concedes that defendant was improperly sentenced, and we agree that defendant is entitled to remand for correction of this error.

In *People v Clark*, 463 Mich 459, 463-464; 619 NW2d 538 (2000), the Michigan Supreme Court ruled:

> From the plain language of the felony-firearm statute, it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony. Subsection 2 [now 3] clearly states that the felony-firearm sentence "shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the *felony* or attempt to commit the *felony*." It is evident that the emphasized language refers back to the predicate offense discussed in subsection 1, i.e., the offense during which the defendant possessed a firearm. No language in the statute permits consecutive sentencing with convictions other than the predicate offense.

According to the amended judgment of sentence entered on May 4, 2015, defendant must serve his parole sentence and felony-firearm sentence consecutive to, and preceding, his sentences for carjacking, armed robbery, and resisting and obstructing a police officer. However, count 3 of the felony information in this matter alleged that defendant possessed a firearm at the time he committed carjacking and/or armed robbery—it did not identify the resisting and obstructing charge as a predicate offense to the felony-firearm charge. Defendant and the prosecutor agree that the sentence on the conviction of one count of felony-firearm should be consecutive to both the carjacking and armed robbery sentences, but not the resisting and obstructing sentence. Given that defendant was only charged with and convicted on *one count* of felony-firearm, it would appear, despite the parties' agreement, that the felony-firearm sentence should run consecutive to only one underlying felony, not both carjacking and armed robbery. The trial court's ruling in the bench trial plainly evidenced a conclusion that a firearm was used in the general transaction encompassing both the carjacking and armed robbery, although the court did speak in terms of the "carjacking" when addressing the felony-firearm charge. Because defendant received concurrent 15-to-25 year sentences for the carjacking and armed robbery offenses, it ultimately makes no difference whether the felony-firearm sentence runs consecutive to one or both crimes. Considering that there was only the one count of felony-firearm, and given the trial court's reference to the carjacking when rendering the felony-firearm verdict, we order a remand to correct the judgment of sentence so as to show

that the felony-firearm sentence is consecutive solely in relationship to the carjacking sentence, not the armed robbery or resisting and obstructing sentences.

We affirm defendant's convictions, but remand this matter to the trial court for the limited purpose of entering a second amended judgment of sentence consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra