# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERRANCE JEROD HARE,

        Defendant-Appellant.

UNPUBLISHED
March 16, 2017

No. 329376
Oakland Circuit Court
LC No. 2014-251257-FC

Before: HOEKSTRA, P.J., and JANSEN and SAAD, JJ.

PER CURIAM.

A jury convicted defendant of armed robbery, MCL 750.529, first-degree home invasion, MCL 750.110a(2), and two counts of possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of 13 to 40 years for the robbery conviction, and 10 to 20 years for the home invasion conviction, to be served consecutive to two concurrent two-year terms of imprisonment for the felony-firearm convictions. Defendant appeals, and for the reasons provided below, we affirm.

Defendant's convictions arise from his participation in an offense that involved breaking into a motel room and robbing an escort of her money on June 5, 2014. The prosecution presented evidence that after arrangements were made through a website to meet with an escort at a Southfield motel, defendant drove codefendants Gmarre Bell and Joshua Lewis, and a fourth unidentified co-offender, to the designated motel where Bell interacted with the escort. The escort testified that, within minutes after Bell left, three people kicked in her door and entered her motel room. She and her boyfriend, who had returned to the room after Bell left, managed to barricade themselves in the bathroom and called 911. Shortly after the men left the scene, defendant's car was stopped approximately two miles from the motel because it matched a witness' description of the suspects' vehicle. A witness identified the suspects at the scene of the traffic stop, and Willis' shoe print matched a footprint found on the motel room door. Defendant later admitted to the police that he and his passengers formed a plan to pay for sex and then rob the escort of the money they paid her plus any additional money she had in her possession. Defendant denied going into the motel room. He claimed that he waited in the car for the other men, and that he was only going to be compensated with gas money. At trial, the defense denied that defendant was culpable of any crime, as either a principal or an aider or abettor.

## I. SUFFICIENCY OF THE EVIDENCE

-1-

Defendant argues that the evidence was insufficient to find him guilty of first-degree home invasion and two counts of felony-firearm beyond a reasonable doubt. We disagree. We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of a crime. *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

## A. AIDING AND ABETTING FIRST-DEGREE HOME INVASION[1]

The elements of first-degree home invasion are (1) the defendant broke and entered a dwelling or entered the dwelling without permission, (2) when the defendant did so, he intended to commit a felony, larceny, or assault, or he actually committed a felony, larceny, or assault while entering, being present in, or exiting the dwelling, and (3) another person was lawfully present in the dwelling or the defendant was armed with a dangerous weapon. MCL 750.110a(2); *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010).

A person who aids or abets the commission of a crime may be convicted and punished as if he directly committed the offense. MCL 767.39. "To support a finding that a defendant aided and abetted a crime, the prosecution must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant [either] intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement," *People v Izarraras-Placante*, 246 Mich App 490, 495-496; 633 NW2d 18 (2001) (quotation marks and citation omitted), "or, alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense," *People v Robinson*, 475 Mich 1, 15; 715 NW2d 44 (2006). "Aiding and abetting" describes all forms of assistance rendered to the perpetrator of a crime and comprehends all words or deeds that might support, encourage, or incite the commission of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999); *People v Rockwell*, 188 Mich App 405, 411-412; 470 NW2d 673 (1991). "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." *People v Lawton*, 196 Mich App 341, 352; 492 NW2d 810 (1992). An aider or abettor's state of mind may be inferred from all the facts and circumstances, including a close association between the defendant and the principal, the defendant's participation in the planning or execution of the

---

[1] Defendant challenges the sufficiency of the evidence to sustain his first-degree home invasion conviction in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4.

crime, and evidence of flight after the crime. *Carines*, 460 Mich at 757; *People v Bennett*, 290 Mich App 465, 474; 802 NW2d 627 (2010).

Viewed in a light most favorable to the prosecution, the evidence, including defendant's own statements to the police, was sufficient to support defendant's conviction of home invasion. First, codefendant Willis, who was armed, used his foot to kick open the escort's motel room door and then entered the motel room with an intention to commit a larceny by robbing the escort of her money. Second, there was sufficient evidence that defendant assisted the codefendants in the home invasion by (1) driving his co-offenders to the motel to carry out the plan, (2) waiting outside the motel while the codefendants executed the planned crime, (3) continuing to wait after seeing the codefendants forcefully kick in the motel room door, and (4) driving the codefendants from the crime scene after they "hopped" back into the car. Third, the evidence also was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant knew his codefendants intended to commit the home invasion at the time he gave aid and encouragement, including acting as the getaway driver by driving his codefendants away from the scene. In addition, the evidence, considered as a whole, was sufficient to enable the jury to find that defendant was aware that, given the plan, the commission of a home invasion was a natural and probable consequence of the intended armed robbery. Accordingly, the evidence was sufficient to support defendant's conviction of first-degree home invasion under an aiding and abetting theory.

## B. AIDING AND ABETTING FELONY-FIREARM

"The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). "Under the aiding and abetting statute, MCL 767.39, the correct test for aiding and abetting felony-firearm in Michigan is whether the defendant procures, counsels, aids, or abets in another carrying or having possession of a firearm during the commission or attempted commission of a felony." *People v Moore*, 470 Mich 56, 70; 679 NW2d 41 (2004) (quotation marks and brackets omitted). Further,

> [e]stablishing that a defendant has aided and abetted a felony-firearm offense requires proof that a violation of the felony-firearm statute was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation, and that the defendant intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement. In determining whether a defendant assisted in the commission of the crime, the amount of advice, aid, or encouragement is not material if it had the effect of inducing the commission of the crime. It must be determined on a case-by-case basis whether the defendant performed acts or gave encouragement that assisted in the carrying or possession of a firearm during the commission of a felony. [*Id.* at 70-71.]

Viewed in the light most favorable to the prosecution, defendant's actions and words demonstrated an intent to counsel, aid, or abet the possession of a firearm during the commission of the armed robbery and home invasion. Defendant admitted that he was aware of the plan to

rob the escort of her money, and that, when he picked up his codefendants, he knew that they, specifically codefendant Willis, had a gun. A jury could infer that given the planned robbery, defendant knew that his codefendants intended to use the gun to carry out the crime. Defendant assisted his codefendants in the possession of a firearm by specifically driving his armed codefendants to the crime scene to carry out the planned robbery. Defendant further assisted his codefendants in the offenses of felony-firearm when he admittedly took steps to prevent the police from locating the gun. Defendant admitted that he did not "stop at first" when the police signaled him to pull over, because he was asking his passengers about the location of the gun, i.e., counseling his codefendants in a manner to avoid detection, and pulled over only after the gun was hidden under the seat. Accordingly, defendant's convictions for felony-firearm based on an aiding and abetting theory are supported by sufficient evidence.

## II. JURY INSTRUCTIONS—FELONY-FIREARM

Defendant also argues that he is entitled to a new trial because the trial court failed to properly instruct the jury on the theory of aiding and abetting with respect to the offenses of felony-firearm. Again, we disagree.

Preliminarily, we conclude that defendant's substantive claim of instructional error is waived. After the trial court completed its final instructions and the jury was excused to begin deliberations, the court asked the parties whether they "were satisfied with the instructions as given." Defense counsel stated, "Yes, your Honor." By expressly approving the jury instructions, defendant waived review of his substantive claim of instructional error. *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011). Defendant's waiver extinguished any error, leaving no error to review. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000).

Defendant alternatively argues that defense counsel was ineffective for failing to object to the instructions as given. Because defendant failed to raise an ineffective assistance of counsel claim in the trial court, our review of that claim is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*. "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Due process requires that the trial court "properly instruct the jury so that it may correctly and intelligently decide the case." *People v Clark*, 453 Mich 572, 583; 556 NW2d 820 (1996). Jury instructions are reviewed in their entirety to determine whether any error requiring reversal occurred. *Kowalski*, 489 Mich at 501.

Defendant claims that defense counsel should have objected to the jury instruction related to these counts because the instruction improperly required the jury to find that *he* possessed a firearm while he aided and abetted the underlying offense of robbery and home invasion. The particular instruction required the jury to find that the prosecutor proved, *inter alia*, that "at the

time the Defendant or someone else he aided or abetted committed [robbery or home invasion], *he* knowingly carried or possessed a firearm." (Emphasis added.) We agree with defendant that the instruction could be viewed as requiring the jury to find that defendant, himself, possessed the firearm, instead of the person he was aiding and abetting. But we also note that the parties and the jury could have understood the second pronoun "he" to refer to whoever acted as the principal, as in "Defendant or someone else he aided or abetted." Thus, we cannot conclude that defense counsel's failure to object was unreasonable. We also note that elsewhere, the trial court properly instructed the jury of the elements of aiding and abetting and the elements of felony-firearm. Thus, viewing the instructions as a whole, it appears that the instructions were sufficient to protect defendant's rights. See *id.* at 501-502.

Moreover, assuming the instruction required defendant to be the one to possess the firearm to be convicted of aiding and abetting the crime of felony-firearm, defendant fails to recognize that this instruction would have worked to his benefit, as it ostensibly required him to possess the firearm, but none of the evidence shows that he ever possessed one. Thus, it is a certainty that had the jury been instructed that defendant could be convicted of felony-firearm if he aided and abetted *another to carry a firearm* while that other person committed a felony, the jury in any event would have convicted defendant. Accordingly, without being able to prove any prejudice, he cannot prevail on his claim on ineffective assistance. In other words, had defense counsel successfully objected and a more precise instruction been given, defendant nevertheless would have been found guilty of two counts of aiding and abetting the crime of felony-firearm because the evidence was overwhelming that he aided his armed co-defendant in committing the two underlying felonies.

## III. SCORING OF OV 10

Defendant further argues that he is entitled to be resentenced because the trial court erroneously assessed 15 points for offense variable (OV) 10 of the sentencing guidelines. We disagree.

To preserve a challenge to the scoring of the sentencing guidelines, the challenge must have been raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in this Court. MCL 769.34(10); MCR 6.429(C); *People v Jones*, 297 Mich App 80, 83; 823 NW2d 312 (2012). Because defendant did not so challenge the scoring of OV 10, this issue is not preserved for appeal. Therefore, we review this unpreserved scoring challenge for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764; *Jones*, 297 Mich App at 83. Further, even if a defendant proves that a plain error affected a substantial right, we nonetheless will not reverse unless the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Vaughn*, 491 Mich 642, 654; 821 NW2d 288 (2012).

OV 10 addresses exploitation of a vulnerable victim, and the court must score 15 points if "[p]redatory conduct was involved." MCL 777.40(1)(a). Defendant claims that the 15 points were incorrectly scored because any such conduct was attributable to his co-defendants and not him. However, assuming that the 15-point score for OV 10 constitutes plain error, it does not entitle defendant to resentencing because it did not affect defendant's substantial rights.

The trial court scored the guidelines for defendant's conviction of armed robbery, which is a class A offense. MCL 777.16y. Defendant received a total OV score of 70 points, which placed him in the F-IV cell of the applicable sentencing grid, for which the minimum sentence range is 171 to 285 months. MCL 777.62. If OV 10 had been scored at zero points, defendant's total OV score would have been 55 points instead, which in turn would result in a lower minimum sentencing guidelines range of 135 to 225 months. In general, a defendant is entitled to resentencing if a scoring error changes the appropriate guidelines range. *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006).

In this case, defendant received a minimum sentence of 156 months—well within, and near the lower end of, the altered guidelines range of 135 to 225 months. If a defendant fails to preserve a challenge to the trial court's scoring decision, and his sentence is within the appropriate guidelines range, as in this case, "the defendant cannot raise the error on appeal except where otherwise appropriate, as in a claim of ineffective assistance of counsel." *Id.* at 89 n 8. Moreover, there is no indication that the trial court would have imposed a lesser minimum sentence if OV 10 had been scored at zero points. At sentencing, before imposing a downward departure sentence, the trial court specifically recognized that the sentencing guidelines are now advisory pursuant to the Supreme Court's ruling in *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). The trial court provided detailed reasons for the sentences it imposed, including defendant's role in the crimes and the sentences that the trial court had imposed for defendant's co-offenders, who had entered pleas. In other words, the trial court did not rely on the guidelines when imposing defendant's 156-month minimum sentence, and thus it is improbable that a lower guidelines range would have caused the trial court to impose a lesser sentence. Indeed, the court seemed to be more concerned with how defendant's sentence compared to his co-defendants who took a more active role in the crimes. For these reasons, defendant has not established that any error affected his substantial rights, or otherwise affected the outcome of the proceedings. Accordingly, he is not entitled to be resentenced.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Henry William Saad