PEOPLE v IZARRARAS-PLACANTE

Docket No. 222707. Submitted February 7, 2001, at Grand Rapids. Decided
June 19, 2001, at 9:05 A.M. Leave to appeal sought.

Jose B. Izarraras-Placante was convicted by a jury in the Muskegon
Circuit Court, William C. Marietti, J., of delivery of at least 50 but
less than 225 grams of cocaine, conspiracy to deliver at least 50 but
less than 225 grams of cocaine, fleeing and eluding a police officer,
and possession with intent to deliver less than 50 grams of cocaine.
The defendant was sentenced to ten to twenty years in prison for
the delivery conviction, ten to twenty years in prison for the con-
spiracy conviction, no incarceration for the fleeing and eluding
conviction, and one to twenty years in prison for the possession
with intent to deliver conviction. The defendant was arrested after
he drove Jorge Rodriguez to a parking lot where Rodriguez sold
cocaine to an undercover police officer and after the defendant and
Rodriguez attempted to elude the police. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in admitting evi-
dence of nine prior drug sales. Despite claims by the defendant that
the evidence was not relevant because he was not present during
some of the sales, did not handle money or drugs during other
sales, and did not speak directly with the undercover police officer,
the evidence was relevant to the question whether the defendant
conspired with Rodriguez to deliver cocaine. The evidence was not
unfairly prejudicial inasmuch as its probative nature outweighed its
prejudicial effect.

2. There was sufficient evidence to support the defendant's con-
viction of delivery of cocaine. The defendant's admission that he
had purchased in Grand Rapids the cocaine sold to the undercover
officer and the evidence that showed that Rodriguez delivered the
cocaine to the undercover officer constituted sufficient evidence to
convict the defendant on an aiding and abetting theory.

3. The trial court did not abuse its discretion in refusing to
depart downward from the statutorily mandated ten-year minimum
sentence for the defendant's delivery and conspiracy convictions
despite sentencing guidelines recommended minimum terms that
ranged from three years and nine months to six years and three
months. It is inappropriate to rely on the recommended minimum

sentence under the guidelines as a substantial and compelling reason to depart from the mandatory minimum term prescribed by statute. Only in cases where substantial and compelling reasons exist to warrant a departure may the court then consider the guidelines in determining the magnitude of the departure.

Affirmed.

CONTROLLED SUBSTANCES — CONTROLLED SUBSTANCES OFFENSES — MANDATORY MINIMUM SENTENCES — DEPARTURE

Recommended minimum sentences under the sentencing guidelines for controlled substances offenses, where lower than minimum sentences mandated by the controlled substances act, do not constitute substantial and compelling reasons to depart from the statutorily mandated minimum terms; only in cases where substantial and compelling reasons exist to warrant a departure may the court then consider the guidelines in determining the magnitude of the departure (MCL 333.7401[4]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Danielle DeJong*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Deborah W. Keene*), for the defendant on appeal.

Before: TALBOT, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. Defendant appeals as of right from his jury trial convictions for delivery of at least 50 but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii), conspiracy to deliver at least 50 but less than 225 grams of cocaine, MCL 750.157a(a), fleeing and eluding a police officer, MCL 750.479a(3), and possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv). On October 5, 1999, the trial court sentenced defendant to ten to twenty years in prison for the delivery conviction, ten to twenty years in prison for the conspiracy conviction, no incarceration for the fleeing and eluding conviction, and one to twenty years in prison for the pos-

session with intent to deliver conviction. We affirm the convictions and sentences.

On May 17, 1999, undercover Police Detective Thomas Fine telephoned Jorge Rodriguez to arrange a cocaine purchase. Fine had purchased cocaine from Rodriguez on nine previous occasions in 1999, and defendant had accompanied Rodriguez to four of those sales.[1] On May 17, Fine met defendant and Rodriguez in a parking lot. Defendant drove the car in which he and Rodriguez arrived. Rodriguez got out of the car and walked to Fine's car with a bag in his hand. The bag contained 55.908 grams of cocaine. Rodriguez handed the bag to Fine, and Fine gave Rodriguez $2,200. Rodriguez returned to his car. At Fine's signal, a van carrying the arrest team stopped behind their car. Rodriguez and defendant fled in their car. Marked police cars chased defendant and Rodriguez through Muskegon. Ultimately, defendant and Rodriguez stopped the car and were arrested.

A subsequent search of defendant's home revealed 28.941 grams of cocaine, money that had been used by the police to purchase cocaine from Rodriguez, and a scale and plastic sandwich bags that are consistent with the distribution of cocaine. The cocaine and scale were found inside the pocket of a shirt hanging in a closet of an upstairs bedroom. A safe containing a Michigan identification card with defendant's pic-

---

[1] These transactions all occurred in parking lots. According to Fine's testimony, defendant drove Rodriguez to prior sales on April 20, 1999, and May 11, 1999. Defendant arrived in the car with Rodriguez at sales on April 23, 1999, and May 7, 1999. On all these occasions, defendant waited in the car while Rodriguez got out of the car and walked to Fine's vehicle. The record is somewhat vague regarding the proximity of the vehicles at each sale. Fine testified that at the April 23 sale their cars were "not close at all," and at the May 11 sale the vehicles were parked about thirty or forty feet apart.

ture was found on the floor of the closet. At trial, evidence of the ten cocaine sales to Fine was presented to the jury.

On appeal, defendant first contends that evidence of the nine prior drug sales was improperly admitted at trial because it was not relevant. We review evidentiary decisions for an abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998); *People v Snider*, 239 Mich App 393, 419; 608 NW2d 502 (2000). To the extent that review of this issue implicates due process concerns, review is de novo. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998); *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999). Defendant argued at trial that the evidence was not relevant to a determination of guilt because he was not present during some of the sales, did not handle money or drugs during other sales, and did not speak directly with Fine at any point.

Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence. MRE 401; *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998). "Establishing a conspiracy requires evidence of specific intent to combine with others to accomplish an illegal objective." *People v Blume*, 443 Mich 476, 481; 505 NW2d 843 (1993). The prosecution was required to prove that defendant and Rodriguez had the specific intent to combine to deliver more than 50 but less than 225 grams of cocaine. *People v Justice (After Remand)*, 454 Mich 334, 349; 562 NW2d 652 (1997).

Although defendant was not present during sales of cocaine to Fine on March 18, 1999, March 30, 1999, April 14, 1999, and May 4, 1999, these sales were relevant to prove the existence of a conspiracy by show-

ing that Rodriguez had the intent to distribute cocaine. The intent of a coconspirator to perform an unlawful act is an essential element of a criminal conspiracy. *Id.* at 349. The fact that defendant was not directly linked to these four drug sales is of no moment. It is not necessary that one conspirator participate in all the objects of the conspiracy. *People v Meredith (On Remand),* 209 Mich App 403, 411-412; 531 NW2d 749 (1995). All four sales were made on the premises of the employer of defendant and Rodriguez. During the March 30 sale, Rodriguez indicated to Fine that Rodriguez would need to check to see if he could obtain two ounces of cocaine for Fine. This evidence was relevant to show that Rodriguez had the intent to sell cocaine and that another person was involved in purchasing the cocaine.

With respect to the remaining sales, the record reflects that Rodriguez spoke with defendant during the sales to Fine on May 7, 1999, and May 11, 1999. Defendant drove Rodriguez to the sale on May 11, 1999. The record reflects that Rodriguez identified defendant as his partner during the April 20, 1999, drug sale. Defendant also drove Rodriguez to the April 23, 1999, sale and Rodriguez indicated to Fine that the profits from the sale were split evenly between himself and another person. During the April 28, 1999, sale, Rodriguez told Fine that Rodriguez would have to check with "Jose" before he could purchase a kilo of cocaine. Rodriguez had introduced defendant to Fine as "Jose." Notably, marked funds from the April 28 sale were found in the safe containing defendant's identification card. We conclude that evidence of the nine prior drug sales was relevant to establish the existence of a conspiracy.

Defendant also contends that the prejudicial nature of this evidence deprived him of a fair trial. Defendant did not argue the prejudicial nature of this evidence below. Accordingly, this issue is unpreserved. *People v Griffin*, 235 Mich App 27, 44; 597 NW2d 176 (1999). For the reasons set forth in our analysis above, we conclude that the probative nature of the evidence far outweighs its prejudicial effect. See *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995), quoting *United States v McRae*, 593 F2d 700, 707 (CA 5, 1979) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."). We find no error. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant next argues that the evidence was insufficient to convict him of delivery of more than 50 but less than 225 grams of cocaine. In reviewing challenges to the sufficiency of evidence, we view the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999).

A person who aids or abets the commission of a crime may be convicted and punished as if he directly committed the offense. MCL 767.39; *People v Turner*, 213 Mich App 558, 568; 540 NW2d 728 (1995). "To support a finding that a defendant aided and abetted a crime, the prosecution must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the com-

mission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement." *Id.* at 568.

Defendant confessed to a police officer that he had purchased in Grand Rapids the 55.908 grams of cocaine sold to Detective Fine on May 17, 1999. During their tape-recorded telephone conversation to arrange the sale, Fine negotiated with Rodriguez regarding the price of the cocaine. The tape indicated that Rodriguez discussed the price of the cocaine with another person, whose voice Fine recognized as defendant's. Defendant also drove Rodriguez to the drug sale on May 17. We believe this evidence, combined with the evidence that showed Rodriguez delivered the cocaine to Fine, constitutes sufficient evidence to convict defendant on an aiding and abetting theory. MCL 767.39; *People v Norris*, 236 Mich App 411, 419; 600 NW2d 658 (1999); *Turner, supra* at 568 (The aiding and abetting statute encompasses all forms of assistance rendered to the perpetrator of a crime and comprehends all words or deeds that might support, encourage, or incite the commission of a crime).

Finally, defendant argues that the trial court abused its discretion in refusing to depart downward from the statutorily mandated ten-year minimum sentence for his delivery and conspiracy convictions.[2] Pursuant to the new statutory sentencing guidelines, his recommended minimum sentence ranges from three years and nine months to six years and three months.

---

[2] Pursuant to MCL 750.157a(a), a person convicted of conspiracy "shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit[.]" See *People v Denio*, 454 Mich 691, 700; 564 NW2d 13 (1997).

Defendant contends that in light of this disparity the minimum sentence under the guidelines in and of itself constitutes a substantial and compelling reason to depart from the mandatory ten-year minimum sentence.

The sentencing court may depart from the minimum term if it finds "substantial and compelling reasons to do so." MCL 333.7401(4); *People v Daniel*, 462 Mich 1, 4; 609 NW2d 557 (2000). Our Supreme Court has held that substantial and compelling reasons must be based on objective and verifiable factors. *People v Fields*, 448 Mich 58, 68-69; 528 NW2d 176 (1995). Only in exceptional cases should sentencing judges deviate from the minimum prison terms mandated by statute. *Daniel, supra* at 6, citing *Fields*. We review for an abuse of discretion the trial court's determination that substantial and compelling reasons do not exist to support departure from the mandatory minimum sentence pursuant to MCL 333.7401(4). *Fields, supra* at 78. To the extent that our review of this issue requires statutory interpretation and application, our review is de novo. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998); *People v Denio*, 454 Mich 691, 698; 564 NW2d 13 (1997).

The Legislature recently codified the sentencing guidelines. The statute expressly provides that "if a crime has a mandatory determinant penalty . . . the court shall impose that penalty." MCL 769.34(5). Additionally, the Legislature made the sentencing guidelines applicable to controlled substance offenses. MCL 777.13. Notwithstanding the mandatory sentences prescribed by the controlled substances act, defendant argues that the inclusion of these offenses in the sentencing guidelines statute indicates the Legislature's intention that the court consider the guide-

lines in deciding whether to depart from the mandatory minimum sentence. Further, defendant maintains that to ignore the Legislature's inclusion of sentencing guidelines for drug offenses would render this inclusion in the sentencing guidelines meaningless and unnecessary. We disagree.

The statutory sentencing guidelines, MCL 777.1 *et seq.*, MCL 777.13, and the controlled substances act, MCL 333.7101 *et seq.*, address sentences for drug offenders. Statutes that relate to the same subject or share a common purpose are "in pari materia" (literally, "upon the same matter or subject"). *Webb, supra* at 274; *People v Stephan*, 241 Mich App 482, 497; 616 NW2d 188 (2000). Such statutes must be read together as one law, even if they contain no reference to one another and were enacted on different dates. *Webb, supra* at 274; *Stephen, supra* at 497. When construing statutes that are in pari materia, our goal is to further legislative intent by finding an harmonious construction of the related statutes, so that the statutes work together compatibly to realize that legislative purpose. *Id.* at 497-498. Accordingly, if two statutes lend themselves to a construction that avoids conflict, then that construction should control. *Webb, supra* at 274; *Stephan, supra* at 498. "When construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render the statute, or any part of it, surplusage or nugatory." *Id.* at 497.

Employing these principles and construing the two statutes, we believe that it is inappropriate to rely on the recommended minimum sentence under the guidelines as a substantial and compelling reason to depart from the mandatory minimum terms prescribed by the statute. Instead, we reconcile these

statutory provisions by concluding that only in cases where substantial and compelling reasons exist to warrant a departure may the court then consider the guidelines in determining the magnitude of the departure. Our conclusion is consistent with the recognized legislative goals of "keep[ing] drug dealers in prison for long periods, both to remove them from society and to deter others from following their example." *Fields, supra* at 67-68.

During sentencing, defense counsel argued that defendant's age (twenty) and the absence of a prior record militated in favor of departure from the required minimum term. The trial court acknowledged and properly considered these factors. See *id.* at 77. The court then proceeded to observe that defendant worked with an associate who seemed to look toward defendant for guidance in the drug sales, and defendant was willing and able to deliver a significant amount of drugs to Fine. We find no abuse of discretion in the court's refusal to depart from the mandatory minimum sentence. Accordingly, defendant is not entitled to resentencing.

Affirmed.