# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
April 28, 2015

v

SZAMAR DESHAWN HUNTLEY,

      Defendant-Appellant.

No. 319446
Oakland Circuit Court
LC No. 2013-245829-FH

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant, Szamar DeShawn Huntley, appeals as of right his jury trial convictions of delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and delivery of an imitation controlled substance, MCL 333.7341(3). The trial court sentenced defendant to one year in jail for each count, to be served concurrently. We affirm.

## I. BACKGROUND

Defendant's convictions arise out of two different transactions. On November 20, 2012, detective Brian Zelakiewicz, working as an undercover police officer for an Oakland County multi-jurisdictional narcotics enforcement team, arranged to buy cocaine from Donald Williams at a McDonald's restaurant. Defendant drove Williams to the parking lot where the transaction was to occur. Zelakiewicz entered the car defendant was driving. Once inside the car, Williams handed to Zelakiewicz a sandwich baggie that contained cocaine. In return, Zelakiewicz gave Williams $175.

On November 27, 2012, Zelakiewicz, again working as an undercover police officer, arranged to buy cocaine from Williams. This transaction occurred in the same McDonald's parking lot as before. Defendant again drove Williams to the parking lot. Once inside the car, Williams handed to Zelakiewicz a sandwich baggie that contained a white powdery substance. Zelakiewicz then handed two $100 bills to Williams. Williams asked defendant to give Zelakiewicz $20 in change, and defendant complied without objection or question. The substance Zelakiewicz received did not test positive for the presence of any illicit substance.

-1-

## II. DISCUSSION

Defendant argues that there was insufficient evidence to convict him of either delivery of cocaine or delivery of an imitation controlled substance. We disagree.

We review de novo a defendant's challenge to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "In examining the sufficiency of the evidence, 'this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt.' " *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012), quoting *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).

Pursuant to MCL 333.7401(2)(a)(*iv*), the elements of delivering less than 50 grams of cocaine are: (1) delivery; (2) of an amount less than 50 grams; (3) of cocaine or a mixture containing cocaine; and (4) with knowledge that the substance was cocaine. See *People v Collins*, 298 Mich App 458, 462; 828 NW2d 392 (2012) (applying the same elements to the offense of delivering a controlled substance in an amount between 50 and 450 grams). Pursuant to MCL 333.7341(3), it is unlawful to deliver an imitation controlled substance.

As provided by MCL 767.39, "Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." To be found guilty under a theory of aiding and abetting, the prosecutor must prove the following three elements:

> (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time [the defendant] gave aid and encouragement. [*People v Moore*, 470 Mich 56, 67-68; 679 NW2d 41 (2004), quoting *People v Carines*, 460 Mich 750, 768; 597 NW2d 130 (1999).]

Defendant argues that there was insufficient evidence to satisfy the third element, whether he intended to commit a crime or had knowledge that Williams intended to commit a crime while defendant gave aid or encouragement. *Id*. Reasonable inferences that arise from circumstantial evidence can constitute satisfactory proof of the elements of a crime, *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993), and "minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented[,]" *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). A number of facts demonstrate that defendant had the intent to commit the crimes or had knowledge that Williams intended to commit the crimes while defendant gave aid or encouragement. Zelakiewicz arranged two drug deals at the McDonald's parking lot. Defendant drove Williams to the McDonald's parking lot on both November 20, 2012, and November 27, 2012. On both dates, defendant drove directly to the parking spot next to where Zelakiewicz was parked, which was in the "very back" corner of the lot next to the dumpster, where there were "no other cars around." During both transactions, a white powdery substance and cash were exchanged between the two front seats. Zelakiewicz stated that on both occasions he was able to see the

white powdery substance in Williams's hand as it was handed to him; thus, the jury could infer that it was visible to defendant. On neither occasion was defendant preoccupied with anything else. At the November 27, 2012 transaction, defendant, without objection, gave Zelakiewicz $20 in change for the imitation substance that Zelakiewicz purchased from Williams.[1] Neither Williams nor defendant conducted any business with McDonald's on either occasion, and defendant drove out of the parking lot right after the drug transaction. From these facts, a reasonable juror could find that on both dates defendant intended to commit a crime or had knowledge that Williams intended to commit a crime while defendant gave aid or encouragement.

Defendant argues that his mere presence is insufficient to support a conviction under an aiding and abetting theory. It is true that "[m]ere presence, even with knowledge that an offense is about to be committed or is being committed, is insufficient to establish that a defendant aided or assisted in the commission of the crime." *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999). However, the evidence noted above shows that defendant was more than merely present during the drug transactions. Defendant's citation to *People v Izarraras-Placante*, 246 Mich App 490, 496; 633 NW2d 18 (2001), is unavailing. Although defendant was not as involved in the drug transaction as was the defendant in that case, that does not mean there was insufficient evidence in the instant case. Indeed, *Izarraras-Placante* did not establish any type of threshold requirements. Rather, as previously stated, "minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Kanaan*, 278 Mich App at 622. And, given that defendant drove Williams to two pre-arranged sales, was present in the car during both transactions, left immediately after the sale, and even gave Zelakiewicz change during one of the transactions, there was sufficient circumstantial evidence to establish defendant's intent and/or knowledge.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Henry William Saad

---

[1] Although Zelakiewicz had testified that defendant said nothing after either of the two transactions, in response to questioning on cross-examination regarding how much he paid for the drugs at the second transaction, Zelakiewicz testified that he had actually negotiated to buy $175 worth of cocaine, and that he needed $25 in change because he gave Williams two $100 bills. Zelakiewicz testified that after defendant gave him the $20 bill, defendant and Williams "were going back and forth" about which one of them would pay Zelakiewicz the additional $5. Zelakiewicz told the two that he did not need the rest and exited the car.